**CMS VOLKSWAGEN HOLDINGS, LLC, Plaintiff–Appellant,**

**Hudson Valley Volkswagen, LLC, Plaintiff,**

v.

**VOLKSWAGEN GROUP OF AMERICA, INC., Defendant–Appellee,**

**Lash Auto Group, LLC, Defendant.**

**15-3961-cv**

United States Court of Appeals, Second Circuit.

October 28, 2016.

Appearing for Appellant: Russell P. McRory, Arent Fox LLP (Michael P. McMahan, on the brief), New York, NY.

Appearing for Appellee: Randall L. Oyler, Barack Ferrazzano Kirschbaum & Nagelberg LLP (Steven J. Yatvin, on the brief), Chicago, Ill.

Present: AMALYA L. KEARSE, DENNIS JACOBS, ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

CMS Volkswagen Holdings, LLC d/b/a Palisades Volkswagen appeals from the June 6, 2014 opinion and order of the United States District Court for the Southern District of New York (Román, *J.*) dismissing its complaint brought pursuant to the New York Franchised Motor Vehicle Dealer Act (the "Dealer Act"). *CMS Volkswagen Holdings, LLC v. Volkswagen Group of Am., Inc.*, 25 F.Supp.3d 432 (S.D.N.Y. 2014). The district court denied Palisades' motion for reconsideration and reargument on October 3, 2014, and the parties stipulated to dismissing the remaining claims in favor of a final judgment entered by the district court on November 10, 2015. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

While this appeal was pending, the New York Court of Appeals issued its opinion in *Beck Chevrolet Co. v. Gen. Motors LLC*, 27 N.Y.3d 379, 53 N.E.3d 706 (2016). Answering a certified question from our Court, the New York Court of Appeals held that franchisor sales performance standards that rely on statewide data that do not take into account local brand popularity violates Section 463(2)(gg) of the Dealer Act. *Id.* at 389–94, 53 N.E.3d 706. The district court when it rendered its opinion did not have the benefit of the New York Court of Appeals' decision, which rejected the statutory interpretation and conclusions of a case on which the district court here relied. We remand so that the district court may consider *Beck*'s impact in the first instance. The district court is free to proceed in whatever manner it deems best on remand, including allowing plaintiffs an opportunity to replead.

Upon the conclusion of the proceedings before the district court, the jurisdiction of this Court to consider a subsequent appeal may be invoked by any party by notification to the Clerk of this Court within ten days of the district court's decision, in which event the renewed appeal will be assigned to this panel. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994).

Accordingly, the judgment of the district court is hereby VACATED and the matter REMANDED for further proceedings consistent with this order. Each side to bear its own costs.